Bergan, J.
Following upon the arrest of a teacher, James Horelick, for trespass on school property, appellant Sandra Adickes, also a teacher, was arrested for interfering with the arrest (see People v Horelick, 30 N Y 2d 453, decided herewith). The incidents grew out of a teachers’ strike in New York City.
The information which is the basis of the prosecution of Miss Adickes was sworn to by Patrolman John Van Houten. It alleges that defendant ‘ ‘ attempted to prevent him from effecting an authorized arrest of another person ”.
The statute on which the prosecution is grounded (Penal Law, § 205.30) provides, so far as here relevant, that a person is guilty of resisting arrest when he ‘ ‘ intentionally ’ ’ attempts to prevent a peace officer from “ effecting ” an “ authorized arrest ”.
Miss Adickes, who was employed at Washington Irving High School on West 16th Street, belonged to a group of teachers opposed to the teachers ’ strike in October, 1968, which was concededly an illegal strike. She went to the school on October 17 following an announcement from the Board of Education of the City of New York that the schools were open despite the strike and asking teachers to appear for duty.
She was in a group of teachers and pupils gathered outside the school building when Mr. Horelick, who also belonged to a group opposing the strike and who had been arrested in the school for illegal trespass, was being taken out of the building in custody and placed in a police car.
The arresting Patrolman Van Houten testified on direct examination by the prosecutor that after he placed Horelick in the police car “ I noticed a door being open [sic] on the other side ”. He said he noticed Miss Adickes “ had the door of the radio car open and she was pulling Horelick towards the door. * * * I just * * * shoved Miss Adickes in the car. I told her *464 she was under arrest.” On cross-examination the witness testified he saw defendant ‘ ‘ touch ’ ’ Horelick ‘ ‘ with both hands ’ ’.
Thus the bare record as developed contains both the equivocal statement that the defendant ‘ ‘ touched ’ ’ the already arrested Horelick and the conclusory expression that she “ started to pull him ’ ’ toward the door.
The weakness of this proof as a foundation to meet the People’s burden of showing beyond a reasonable doubt that defendant intended to. “ prevent ” the policeman from “ effecting an authorized arrest ” (Penal Law,- § 205.30) is based on the fact that the trial court did not find defendant attempted to pull Horelick out of the car to “ prevent ” the arrest, or even that she “ touched ” Horelick. Its specific finding of her physical act is merely that she “ did reach in the car ”.
The essential part of the factual finding is stated this way: “ The Court finds the door was opened two times, or possibly three times. The Court further finds she did reach in the car and whether she did touch the defendant or not, her efforts were completely consistant [sic] with attempting to desist [sic] Horelick from the affection [sic] of the arrest, which would constitute a resisting arrest under 205.30 of the Penal Law. Her conduct cannot go unnoticed and I find it to be violative of the Laws of the State of New York. I deny her motion.”
This factual finding, then, shows no act of interference except the opening of a door and reaching into a police car. These narrowly circumscribed acts are so equivocal and uncertain as to require this court to hold that defendant’s guilt of intentionally attempting to prevent a peace officer from effecting an arrest is not established beyond reasonable doubt as a matter of law.
It should be added that if other proof in the case is considered in context, this defendant had a discussion with Patrolman Van Houten in which, protesting Horelick’s arrest, she said that if he was arresting her fellow teacher he should arrest her, too, and he responded by arresting her.
Certainly such a protest should not be deemed a crime. On the view of the evidence most favorable to the People, and under the findings of the court addressed to the record, guilt was not established beyond a reasonable doubt and accordingly there should be a dismissal of this debatable prosecution.
*465 The order of the Appellate Term should be reversed and the information dismissed.